GÓMEZ HERMANOS, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ARMINDO CADILLA, JUDGE, Respondent.

No. O-71-132.     Decided April 25, 1972.

*Otero Suro & Otero Suro* and *Rodrigo Otero Bigles* for peti-
tioner. *Gilberto Gierbolini, Solicitor General,* and *Américo
Serra, Assistant Solicitor General,* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Gómez Hermanos, Inc., sold a Toyota automobile 1969
model, license plates No. 12P054, to Anthony C. Borro Cruz,
under a duly recorded conditional sale contract.

On October 13, 1970, the Police of Puerto Rico confis-
cated the aforementioned vehicle because it was allegedly
used to carry, transfer, take, and convey narcotic drugs in
Ponce, Puerto Rico.

Gómez Hermanos, Inc., having been notified of the con-

fiscation, filed a complaint before the Superior Court, San Juan Part, challenging said confiscation. Through the posting of a bond it obtained the return of the confiscated vehicle.

At the request of the Police Superintendent, representing respondent, the Superior Court, San Juan Part, rendered judgment dismissing the complaint on the ground that since Act No. 39 of June 4, 1960, in its § 2(a) provides that the complaint shall be filed in the Part of the Superior Court of Puerto Rico corresponding to the place where the seizure was made, such requirement is of a jurisdictional nature and it deprives the San Juan Part of the Superior Court of jurisdiction to take cognizance of the case.

The aforementioned judgment is erroneous and should be reversed.

Section 2(a) of Act No. 39 of June 4, 1960, as amended by Act No. 10 of September 1, 1961 (34 L.P.R.A. § 1722, Supp. 1962), reads:

"The proceeding shall be begun by the seizure of the property by the Secretary of Justice, the Secretary of the Treasury or the Police Superintendent, through their delegates, policemen or other peace officers. The officer under whose authority the action is taken shall serve notice on the owner of the property seized or the person in charge thereof or any person having any known right or interested therein, of the seizure and of the appraisal of the properties so seized, said notice to be served in an authentic manner within ten (10) days following such seizure and such notice shall be understood to have been served upon the mailing thereof with return receipt requested. The owners, persons in charge, and other persons having a known interest in the property so seized may challenge the confiscation within the fifteen (15) days following the service of the notice on them through a complaint against the officer under whose authority the confiscation has been made, on whom notice shall be served, and which complaint shall be filed in the Part of the Superior Court corresponding to the place where the seizure was made and shall be heard without subjection to docket. All questions that may arise shall be decided and all other proceedings shall be conducted as in an

ordinary civil action. Against the judgment entered no remedy shall lie other than a certiorari before the Supreme Court, limited to issues of law. *The filing of such complaint within* the period herein established shall be considered a jurisdictional prerequisite for the availing of the action herein authorized." (Italics ours.) (89 P.R.R. 565, 566.)

■ By express provision of the Act, the term to file the complaint challenging the confiscation is considered a jurisdictional prerequisite for exercising the action. In *Sec. of Justice* v. *Superior Court,* 89 P.R.R. 562 (1963), we explained why the term of 15 days to file the complaint was given that jurisdictional character. However, the place where the complaint should be filed is not of a jurisdictional character. The Judiciary Act in its § 10 (4 L.P.R.A. § 62) provides that "no cause shall fail on the ground that it has been submitted to a division without jurisdiction or authority or to a part of the court of improper venue. Every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court."

■ Rule 3 of the Rules of Civil Procedure contains a similar provision. These rules govern the procedure in all suits of a civil nature in the General Court of Justice (Rule 1) and they apply to the State in any suit where it appears as plaintiff or as defendant. *Sierra, Sec. of Labor* v. *Superior Court,* 81 P.R.R. 540 (1959). The Judiciary Act eliminated the jurisdictional distinctions through the unification of the judicial system. *People* v. *Superior Court,* 84 P.R.R. 135 (1961).

■ The question of jurisdiction having been raised in the instant case by the defendant, the judge of the San Juan Part of the Superior Court should have ordered the transfer

of the cause to the Ponce Part of the Superior Court, which would be the part with jurisdiction to take cognizance of the same, but it should not have dismissed the complaint for lack of jurisdiction. *People* v. *Superior Court, supra.* Improper venue is not a defense which may cause the dismissal of the action. *Rivera* v. *Archevald,* 83 P.R.R. 582 (1961). The provision of the Uniform Vehicle, Mount, Vessel and Plane Seizure Act, which indicates the place where the complaint to challenge the confiscation should be filed, is not an exception to the doctrine already set forth.

For the reasons stated, the judgment rendered by the Superior Court, San Juan Part, on May 24, 1971 is reversed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández and Mr. Justice Dávila took no part in the decision of this case.